PETERS, J.,
concurs in part and dissents in part and assigns reasons.
Iil agree with the majority’s affirmation of the defendant’s sentences, but disagree with the order of remand to the trial court for a hearing to determine the defendant’s eligibility for placement in a rehabilitation facility. I would simply affirm the sentence in all respects.
The defendant’s only assignment of error on appeal is his assertion that his previous poor choices caused him to have a substance abuse problem and that this problem is the cause of all of his criminal activity. He does not seek treatment in conjunction with his sentences, but suggests he is a candidate for probation because he has responded to treatment in the past. As the majority points out, the record does not support this argument as, after being released on parole for a previous armed robbery conviction, he was found to be in possession of marijuana; and the matter before us arose just two months “after he completed his post-incarceration supervision.”
The scope of appellate review of a sentence as it applies to this matter is found in La.Code Crim.P. art. 881.2(A)(1), which provides in pertinent part that “[t]he de *766 fendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence.” In his pro se motion to modify his | asentence, the defendant requested only that the charges be reduced or that his sentences be reduced by fifty percent. In the motion to reconsider the sentences filed by his trial counsel, the defendant argued, without setting forth any specifics, that the sentences were excessive. The trial court rejected both of these motions, and the only issue before us is whether the sentences- are excessive, not whether another sentence would be more appropriate,
Louisiana Code of Criminal Procedure Article 881.4 provides the parameters for remanding a sentencing matter to the trial court. As that Article applies to the matter before us, La.Code Crim.P. art. 881.4(A) provides that “[i]f the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.” Additionally, La.Code Crim.P. art. 881.4(D) provides that “[t]he appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.”
The language of La.Code Crim.P. art. 881.4(A) requires a finding that a sentence should be set aside before a remand can be effected for a modification of the imposed sentence. However, in this case, the majority affirmed the sentences imposed by the trial court, specifically finding that the record supports those sentences. I would end the inquiry at that point and not remand for the trial court to consider relief the defendant has not requested.